UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMI L. BURLESON,<br><br>        Plaintiff,<br><br>   v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>        Defendant. | 1:05-CV-1087 SMS<br><br>DECISION AND ORDER DENYING PLAINTIFF'S SOCIAL SECURITY COMPLAINT (DOC. 1)<br><br>ORDER DIRECTING THE ENTRY OF JUDGMENT FOR DEFENDANT MICHAEL J. ASTRUE AND AGAINST PLAINTIFF TAMI L. BURLESON |

Pursuant to 42 U.S.C. section 405(g), Plaintiff seeks review of an administrative law judge's unfavorable decision denying her application for disability insurance benefits pursuant to Title II; the decision became final by virtue of the Appeals Council's denial of Plaintiff's request for reconsideration on July 16, 2005. (A.R. 67-70, 77-86, 4-6.) Plaintiff filed her complaint here on August 19, 2005, and her opening and reply briefs on January 13, 2006, and February 1, 2006, respectively. Defendant[1]

---

[1] Michael J. Astrue is substituted for his predecessor as Commissioner of the Social Security Administration. 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d)(1).

1

filed an opposing brief on January 30, 2006. After the parties' consents were filed, on December 22, 2005, Judge Anthony w. Ishii ordered the case referred to the undersigned Magistrate Judge for all proceedings, including the entry of judgment, pursuant to 28 U.S.C. § 636(c).

In her application, filed on May 16, 2003, Plaintiff contended that she had become disabled in June 2002 because of chronic bronchitis and asthma that caused difficulty breathing, excessive tiredness, chest pains, shortness of breath, coughing so frequent that it caused headaches throughout the day, and use of a nebulizer every four hours. (A.R. 78.) Plaintiff testified at a hearing held on November 16, 2004, and was represented by an attorney. (A.R. 13.)

By decision dated January 28, 2005, Richard L. Leopold, the administrative law judge (ALJ), found that although Plaintiff had severe impairments of asthma and bronchitis, she retained the residual functional capacity (RFC) to perform sedentary work; pursuant to Medical-Vocational Rule 201.28, based on her age, education, and past relevant work, Plaintiff was not disabled. (A.R. 13-18.)

## STANDARD AND SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, the Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 402 (1971), but less than a

2

preponderance, Sorenson v. Weinberger, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. The Court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion; it may not simply isolate a portion of evidence that supports the decision. Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). It is immaterial that the evidence would support a finding contrary to that reached by the Commissioner; the determination of the Commissioner as to a factual matter will stand if supported by substantial evidence because it is the Commissioner's job, and not the Court's, to resolve conflicts in the evidence. Sorenson v. Weinberger, 514 F.2d 1112, 1119 (9th Cir. 1975).

In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must review the whole record and uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. See, Sanchez v. Secretary of Health and Human Services, 812 F.2d 509, 510 (9th Cir. 1987); Jones v. Heckler, 760 F.2d at 995. If the Court concludes that the ALJ did not use the proper legal standard, the matter will be remanded to permit application of the appropriate standard. Cooper v. Bowen, 885 F.2d 557, 561 (9th Cir. 1987).

## ANALYSIS

I. <u>Disability</u>

In order to qualify for benefits, a claimant must establish that she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 1382c(a)(3)(A). A claimant must demonstrate a physical or mental impairment of such severity that the claimant is not only unable to do the claimant's previous work, but cannot, considering age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. 1382c(a)(3)(B); <u>Quang Van Han v. Bowen</u>, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden of establishing a disability is initially on the claimant, who must prove that the claimant is unable to return to his or her former type of work; the burden then shifts to the Commissioner to identify other jobs that the claimant is capable of performing considering the claimant's residual functional capacity, as well as her age, education and last fifteen years of work experience. <u>Terry v. Sullivan</u>, 903 F.2d 1273, 1275 (9th Cir. 1990).

The regulations provide that the ALJ must make specific sequential determinations in the process of evaluating a disability: 1) whether the applicant engaged in substantial gainful activity since the alleged date of the onset of the impairment, 20 C.F.R. § 404.1520 (2005);[2] 2) whether solely on

---

[2] All references to the Code of Federal Regulations are to the 2005 version unless otherwise stated.

4

the basis of the medical evidence the claimed impairment is severe, that is, of a magnitude sufficient to limit significantly the individual's physical or mental ability to do basic work activities, 20 C.F.R. § 404.1520(c); 3) whether solely on the basis of medical evidence the impairment equals or exceeds in severity certain impairments described in Appendix I of the regulations, 20 C.F.R. § 404.1520(d); 4) whether the applicant has sufficient residual functional capacity, defined as what an individual can still do despite limitations, to perform the applicant's past work, 20 C.F.R. §§ 404.1520(e), 404.1545(a); and 5) whether on the basis of the applicant's age, education, work experience, and residual functional capacity, the applicant can perform any other gainful and substantial work within the economy, 20 C.F.R. § 404.1520(f).

Here, Plaintiff sought benefits pursuant to title II. A claimant of such benefits must establish that the disability began on or before the date of expiration of insurance. 42 U.S.C. sec. 423(c); 20 C.F.R. sec. 404.1520 (2005). Plaintiff's last insured date was September 30, 2002. (A.R. 71-76, 96, 101.) Thus, it was Plaintiff's burden to establish that she was disabled no later than September 30, 2002.

II. Rejection of Plaintiff's Subjective Complaints

Plaintiff argues that the ALJ failed to address Plaintiff's testimony that she had to use a nebulizer every four hours; further, he failed to articulate adequately a reason for discounting Plaintiff's testimony concerning the severity of her asthma condition, and any reason stated lacked the support of substantial evidence.

5

The existence and severity of a person's reaction to a physical ailment, such as the existence and severity of pain, are subjective phenomena, the extent of which cannot be objectively measured. Byrnes v. Shalala, 60 F.3d 639, 642 (9th Cir. 1995). In order to reject a claimant's subjective complaints, the ALJ must provide specific, cogent reasons for the disbelief. Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995). Once the claimant introduces medical evidence of an underlying impairment that could reasonably be expected to produce some degree of the subjective symptoms, the Commissioner may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence such as objective medical findings. Id.; Smolen v. Chater, 80 F.3d 1273, 1282 (9th Cir. 1996). Unless there is affirmative evidence tending to show that the claimant is malingering, the reasons for rejecting the claimant's testimony must be clear and convincing, and the ALJ must set forth the rejection by identifying what testimony is not credible and what evidence undermines the claimant's complaints. Lester v. Chater, 81 F.3d at 834. The findings of the adjudicator must be properly supported by the record and must be sufficiently specific to allow a reviewing court to conclude that the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony. Bunnell v. Sullivan, 947 F.2d 341, 345-46; Byrnes v. Shalala, 60 F.3d at 641-42 (9th Cir. 1995); see 20 C.F.R. § 404.1529(c) [disability] and 20 C.F.R. § 416.929(c) [supplemental security income].

Social Security Ruling 96-7p directs the adjudicator to

consider not only objective medical evidence of signs, laboratory findings, and medical opinions, but also the following factors when assessing the credibility of an individual's statements:

1. The individual's daily activities;
2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
3. Factors that precipitate and aggravate the symptoms;
4. The type, dosage, effectiveness, and adverse side effects of any medication for pain or other symptoms;
5. Treatment, other than medication, for relief of pain or other symptoms;
6. Any measures other than treatment used by the individual to relieve the pain or other symptoms; and
7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

See also Bunnell v. Sullivan, 947 F.2d at 346.

Plaintiff testified that at about the time of June 2002, she suffered shortness of breath, fatigue, wheezing, chest pains, tiredness, daily naps, and inability to concentrate. (A.R. 237.) Even walking from one room of the house to another, or moving laundry from the washer to the dryer, caused shortness of breath. (A.R. 238.) She testified that before September 2002 she could do very little because of her shortness of breath, chest pains, and fatigue. (A.R. 238.) She took the nebulizer (or "puffer") every four hours, and she used the Advair twice a day in the morning and at night. However, she also testified that she pretty much took the nebulizer and Advair on a regular basis. (A.R. 239.) She carried her inhaler with her, so that about every four hours she was taking something. (A.R. 238-39.) The medications seemed to control her symptoms okay. (A.R. 239.)

Plaintiff testified that her symptoms worsened after 2002 to the point where she was extremely tired, had lots of chest pains

7

and shortness of breath, was unable to concentrate, and needed a nap during the day. (Id.) Steroid shots that she had taken for a year or so helped a little bit; she did not take them on a regular basis, but rather only when Dr. Herriott felt she needed them. (A.R. 240.)

In the decision, the ALJ noted Plaintiff's testimony that her symptoms included shortness of breath, fatigue, and chest pains. (A.R. 15.) He also noted her statement in a daily activities questionnaire (A.R. 99-100) dated June 5, 2003, that her asthma attacks, which occurred around once a week and sometimes less or more, were characterized by tightening of her chest, wheezing, and difficulty breathing; after the attacks, Plaintiff would take her medication and rest. (A.R. 15.) The ALJ also noted the medications reflected in the medical evidence, including Plaintiff's prescription of a nebulizer from Dr. Herriott in November 2002 (A.R. 224.) The ALJ's decision (A.R. 14) and the medical evidence of record (A.R. 225) both indicate that Plaintiff was instructed to use her nebulizer every four hours on a visit to Dr. Herriott in March 2002. Reading the decision as a whole, the Court concludes that the ALJ articulated this specific aspect of Plaintiff's course of medication.

Plaintiff argues that the ALJ failed to state a single reason for rejecting Plaintiff's testimony. However, the ALJ stated several reasons for rejecting Plaintiff's credibility with respect to her claimed incapacity to perform sedentary work. These reasons included the fact that Plaintiff had required only routine, follow-up treatment, unaccompanied by any visit to the emergency room or other hospitalization (A.R. 15, 16);

8

1  discrepancies between the Plaintiff's claimed inability to work
2  at all and the information contained in the reports of the
3  treating doctor, the medical history, and the findings made on
4  examination (A.R. 16); and the specific inconsistency of
5  objective evidence, including the ALJ's observations of
6  Plaintiff's having sat without any acute distress and not having
7  suffered wheezing or shortness of breath throughout the duration
8  of the hearing, with the treating doctor's opinion regarding
9  Plaintiff's capacity to sit (that Plaintiff could not sit for
10 more than ten minutes at a time) and with Plaintiff's report to
11 her doctor of suffering wheezing and shortness of breath. (A.R.
12 16.)

13      Plaintiff attacks the first reason, namely, that Plaintiff
14 specifically noted in her asthma questionnaire that she had never
15 been admitted to a hospital, and that the medical evidence
16 reflected only routine and follow-up treatment. (A.R. 15.)

17      Substantial evidence supports the ALJ's conclusion regarding
18 the nature of Plaintiff's treatment. Further, it is established
19 that an ALJ may rely on the conservative nature of treatment or a
20 lack of treatment in rejecting a claimant's subjective
21 complaints. Johnson v. Shalala 60 F.3d 1428, 1433-34 (9th Cir.
22 1995). Here, this reason was clear and convincing. It was
23 appropriate for the ALJ to consider the lack of objective indicia
24 of Plaintiff's impairments, including lack of objective clinical
25 findings, inconsistent activities of daily living, use of
26 conservative treatment, extent of efforts to obtain relief, and
27 effectiveness of medications in controlling the symptoms. Smolen
28 v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); Bunnell v.

Sullivan*,* 947 F.2d at 346 (9th Cir. 1991). The absence of any record evidence of any need to obtain emergency treatment or hospitalization tends strongly to show that the relatively regular use of prescribed medications controlled any acutely disabling symptoms. The Court is aware of other evidence in the record, consisting mainly of Plaintiff's complaints of disabling shortness or breath and fatigue, that might support a contrary conclusion. However, the record, including Plaintiff's own statement, provides support for a conclusion that medication controlled Plaintiff's symptoms to a considerable extent. See Odle v. Heckler, 707 F.2d 439, 440 (9th Cir. 1983). The ALJ was entitled to interpret the record as showing that Plaintiff's treatment was routine and consisted of medication and renewal thereof as distinct from treatment of another nature.

Although the inconsistency of objective findings with subjective claims may not be the sole reason for rejecting subjective complaints of pain, Light v. Chater, 119 F.3d 789, 792 (9th Cir. 1997), it is one factor which may be considered with others, Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004); Morgan v. Commissioner 169 F.3d 595, 600 (9th Cir. 1999). Here, the objective evidence regarding the critical period (after alleged onset and before September 30, 2002) did not establish disabling symptoms of asthma and bronchitis. Plaintiff complained of coughing and had no previous history of asthma in November 2001. (A.R. 115, 176.) Plaintiff did not complain of difficulty breathing or wheezing in a review of her symptoms in December 2001. (A.R. 172.) An inhalation challenge administered in December 2001 did not achieve the provocational dose. (A.R. 171.)

A complete pulmonary function study completed in December 2001 revealed that Plaintiff's pulmonary function was grossly within normal limits. (A.R. 118, 120, 127.) The progress notes of Plaintiff's treating physician are largely illegible.

The ALJ recited the limited nature of the objective medical evidence at the pertinent time and the routine follow-up since that period. (A.R. 14.) Plaintiff does not cite to any other clinical findings or objective medical evidence during the pertinent period other than Plaintiff's medications. It is concluded that substantial evidence supports the ALJ's reasoning that Plaintiff's subjective claims at the pertinent time were at odds with the objective medical evidence. Further, the ALJ's reasoning in this respect was adequately set forth and was of clear and convincing force.

Included in the factors that an ALJ may consider in weighing a claimant's credibility are inconsistencies between the claimant's testimony or statements and the claimant's conduct or daily activities. Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002). The ALJ may consider whether the Plaintiff's testimony is believable or not. Verduzco v. Apfel, 188 F.3d 1087, 1090 (9th Cir. 1999).

Here, the ALJ relied in part on his observations of Plaintiff. An ALJ's reliance might not be particularly convincing with respect to an invisible phenomenon, such as pain. See Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985), and Day v. Weinberger, 522 F.2d 1154, 1156-57 (9th Cir. 1975). However, ability to sit at all, or to sit without any visible

distress, differs from a phenomenon such as pain, which may occur without any objectively observable symptoms. See <u>Freemen v. Schweiker</u>, 681 F.2d 727, 731 (11th Cir. 1982), relied on by the court in <u>Perminter v. Heckler</u>, 765 F.2d at 872. The ALJ here cited to the objectively observable phenomena of Plaintiff's ability to attend and sit at a hearing. The record supports the finding that she had no difficulty sitting for the duration of the hearing.

Nevertheless, even if the significance of the ALJ's observations at the hearing is discounted, the record does support the remainder of the clear and convincing reasoning.

Plaintiff seems to contend that if it is accepted that Plaintiff had to use a nebulizer four times a day, then a finding of inability to do sedentary work, or of disability, is mandated. Plaintiff's own testimony was to the effect that she used the nebulizer every four hours and the Advair twice a day (morning and night), and that she "pretty much [took] them on a regular basis." (A.R. 239.) However, Plaintiff has not established that such use rendered her unable to perform sedentary work in any particular respect; in her own asthma questionnaire, Plaintiff stated that after taking her medication for an attack, she would stay in and rest and take it easy. (A.R. 99.) As previously noted, it is the Plaintiff's burden to establish disability.

The Court concludes that the ALJ cited clear and convincing reasons for rejecting Plaintiff's subjective complaints of limitation of function to the extent alleged, and that the ALJ's reasons were properly supported by the record and sufficiently

12

specific to allow this Court to conclude that the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit Plaintiff's testimony.

## DISPOSITION

Plaintiff does not raise any other issues concerning the sufficiency of the evidence, the legal standards applied by the ALJ, or the adequacy of the statement of the decision.

Based on the foregoing, the Court concludes that the ALJ's decision was supported by substantial evidence in the record as a whole and was based on proper legal standards.

Accordingly, the Court AFFIRMS the administrative decision of the Defendant Commissioner of Social Security and DENIES Plaintiff's Social Security complaint.

The Clerk of the Court IS DIRECTED to enter judgment for Defendant Michael J. Astrue, Commissioner of Social Security, and against Plaintiff Tami L. Burleson.

IT IS SO ORDERED.

**Dated:   July 13, 2007**               /s/ Sandra M. Snyder
                                         UNITED STATES MAGISTRATE JUDGE